IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

LIQIANG WEI,

        Plaintiff,

  v.

ROALD HOFFMANN, *et al.*,

        Defendants.

Civil Action No.
3:18-CV-0647 (LEK/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

LIQIANG WEI, *Pro se*
1902 Karen Ct., Apt. 7
Champaign, IL 61822

FOR DEFENDANTS:

NONE

OF COUNSEL:

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

*Pro se* plaintiff Liqiang Wei has commenced this action against three individuals identified as professors employed at different universities, a website, a journal publication, and a foundation alleging that the individuals stole his scientific research and that the journal published an

article written based on that research. Accompanying plaintiff's complaint is a motion to proceed in the action *in forma pauperis* ("IFP"). Both the complaint and IFP application have been forwarded to me for review. For the reasons set forth below, plaintiff's IFP motion is granted, but I recommend that his complaint be dismissed with leave to replead.

I.   BACKGROUND

Plaintiff filed his complaint in this action and requested to proceed without prepayment of the filing fees on or about June 1, 2018. Dkt. Nos. 1, 2. Named as defendants are the following: (1) Roald Hoffmann, a professor at Cornell University; (2) *International Journal of Quantum Chemistry*; (3) National Science Foundation; (4) arXiv, http://www.arxiv.org; (5) Dong-Kyun Seo, a professor at Arizona State University; and (6) Garegin Papoian, a professor at the University of Maryland. Dkt. No. 1-1 at 2-3.

Plaintiff's complaint is drafted in narrative form and is generally not a model of clarity. *See generally* Dkt. No. 1-1. Liberally construed, he alleges that the individual defendants, and in particular defendant Hoffmann, misappropriated his research concerning general mechanical perturbation theory and that defendants Hoffmann, Seo, and Papoian authored an article using plaintiff's research, which was ultimately

published in *International Journal of Quantum Chemistry*. *Id.* at 2. It appears plaintiff alleges that he wrote defendant Hoffmann a letter in September 1998, applying for a post-doctoral fellowship with defendant Hoffmann at Cornell University, and in that letter, plaintiff explained his scientific theory that was ultimately stolen by the defendants. *Id.* Plaintiff seeks injunctive and monetary relief. *Id.* at 9, 41.

II.  DISCUSSION

   A.  Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1] In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed without prepayment of fees is granted.[2]

---

[1]  The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2]  Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or

3

### B.   Plaintiff's Complaint

#### 1.   Legal Standard

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See,*

---

witness fees.

*e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of

Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R.

Civ. P. 8(a)(2)).

    2. <u>Analysis</u>

As was noted above, Rule 8 provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (internal quotation marks and italics omitted). In the same spirit, Rule 10 provides, in relevant part, that "[a] party must state its claims or defenses in numbered paragraphs, *each limited as far as practicable to a single set of circumstances*." Fed. R. Civ. P. 10(b) (emphasis added).

In this case, plaintiff's complaint clearly does not comply with either of the foregoing rules. The complaint is not organized into discrete paragraphs, but rather reads in narrative form. In addition, at times, the complaint reads in a disjointed and rambling fashion and generally fails to include the necessary details to construe a cognizable cause of action against any defendant.

To the extent the complaint purports to assert a cause of action

under the Copyright Act, 17 U.S.C. § 101 *et seq.*, while it is true that unpublished work, like plaintiff's scientific theory, may be copyrightable material, 17 U.S.C. § 301(a), the pleading fails to allege sufficient facts to survive review under 28 U.S.C. § 1915(e). To state a cognizable copyright infringement claim, a complaint must allege sufficient facts plausibly suggesting "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Kwan v. Schlein*, 634 F.3d 224, 229 (2d Cir. 2011) (internal quotation marks omitted). Because plaintiff's complaint in this action does not allege that plaintiff owns a copyright, any purported copyright claim is subject to dismissal. *See Patrick v. Francis*, 887 F. Supp. 481, 486 (W.D.N.Y. 1995) (dismissing the plaintiff's copyright claim for failure to state a claim where the plaintiff, who accused the defendants of publishing her research without her authorization, admitted she did not own a copyright).[3]

Because plaintiff's complaint alleges no facts giving rise to a cognizable legal cause of action, and because it fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, I recommend that it be dismissed.

---

[3] To the extent the complaint could be construed as asserting state common law claims of conversion or unjust enrichment, those are preempted by the Copyright Act. *Patrick*, 887 F. Supp. at 484.

### C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could not "determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept.

22, 1997) (Pooler, J.).

In this case, mindful of plaintiff's *pro se* status, I recommend that he be granted leave to amend his complaint to cure the deficiencies identified in this report. If plaintiff chooses to file an amended complaint, he must *clearly and concisely* set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

III.   SUMMARY, ORDER, AND RECOMMENDATION

Plaintiff's IFP application reflects he is entitled to proceed in this action without prepayment of the filing fees. Nonetheless, because his complaint alleges no facts giving rise to a legal cause of action, I recommend it be dismissed with leave to replead. Accordingly, it is

ORDERED that plaintiff's motion to proceed in the action *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further respectfully

RECOMMENDED that plaintiff's complaint (Dkt. No. 1) be DISMISSED with leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[4] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this order, report, and recommendation on plaintiff in accordance with the court's local rules.

Dated: June 27, 2018
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).