UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LIQIANG WEI,

                              Plaintiff,

    -against-                                           3:18-CV-0647 (LEK/DEP)

ROALD HOFFMAN, *et al.*,

                              Defendants.

## ORDER

### I.    INTRODUCTION

This matter comes before the Court following a Report-Recommendation filed on June 27, 2018, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 5 ("Report-Recommendation").

### II.    LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a

Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

## III. DISCUSSION

Plaintiff has made a timely objection to the Report-Recommendation. Dkt. No. 6 ("Objection"). However, Plaintiff's objection is conclusory, alleging that Magistrate Peebles is cognitively impaired, that Defendants' "frauds" are "readily verified by modern technological examinations," and that the complaint, Dkt. No. 1 ("Complaint"), proves "clear evidence" of Defendants' fraud, Obj. at 1. Plaintiff offers no evidence of cognitive impairment aside from Magistrate Peebles not ruling in his favor, and does not explain what "technological examinations" would aid his case. As to the "clear evidence," Plaintiff only points in general terms to a 1998 communication with Roald Hoffman that is not discussed in any detail in the Objection nor in the Complaint. Id.; Compl. As the Objection is general and conclusory, the Court reviews the Report-Recommendation only for clear error. Barnes, 2013 WL 1121353, at *1. The Court has reviewed the Report-Recommendation for clear error and has found none. The Court therefore shall dismiss the Complaint without prejudice. Plaintiff, in response to the Report-Recommendation, has already submitted an amended complaint, Obj. at 3–13, which shall now serve as the operative pleading in this action.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 5) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 6 at 3–13) is now the operative pleading in this action; and it is further

**ORDERED**, that this case be referred to Judge Peebles for further proceedings; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   August 06, 2018
         Albany, New York

_Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge