IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

LIQIANG WEI,

        Plaintiff,

v.

ROALD HOFFMANN, *et al.*,

        Defendants.

Civil Action No.
3:18-CV-0647 (LEK/DEP)

---

APPEARANCES:                       OF COUNSEL:

FOR PLAINTIFF:

LIQIANG WEI, *Pro se*
1902 Karen Ct., Apt. 7
Champaign, IL 61822

FOR DEFENDANTS:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

     This is an action brought by *pro se* plaintiff Liqiang Wei against three individuals identified as professors employed at different universities, a website, a journal publication, and a foundation, alleging that the individuals misappropriated his scientific research and that the journal

published an article written based upon that research. Now pending before the court is plaintiff's amended complaint, which has been forwarded to me for review pursuant to 28 U.S.C. § 1915(e) in light of the fact that plaintiff is proceeding in the matter *in forma pauperis* ("IFP"). For the reasons set forth below, I recommend that the amended complaint be dismissed.

I.   DISCUSSION

Plaintiff's original complaint in this action was filed on July 1, 2018, and was accompanied by a request for leave to proceed without prepayment of the required filing fees. Dkt. Nos. 1, 2. Named as defendants in that original pleading were the following: (1) Roald Hoffmann, a professor at Cornell University; (2) the *International Journal of Quantum Chemistry*; (3) the National Science Foundation; (4) arXiv, http://www.arxiv.org; (5) Dong-Kyun Seo, a professor at Arizona State University; and (6) Garegin Papoian, a professor at the University of Maryland. Dkt. No. 1-1 at 2-3.

On June 27, 2018, I issued an order, report, and recommendation, following my review of plaintiff's IFP request and original complaint, granting plaintiff IFP status but recommending dismissal of his complaint, with leave to replead, based on its narrative and occasionally incoherent nature and the inability to construe the complaint as asserting a

cognizable legal claim. Dkt. No. 5. In light of that recommendation, and pursuant to 28 U.S.C. § 1915(e), Senior District Judge Lawrence E. Kahn dismissed plaintiff's original pleading. Dkt. No. 7. Because plaintiff filed what he characterized as an amended complaint while plaintiff's objections to my report remained pending, Judge Kahn deemed the amended complaint the operative pleading and referred it back to me for further proceedings. *Id.*

Plaintiff's amended complaint suffers from many of the same deficiencies as those identified in my report concerning his original complaint. In particular, the amended complaint is lengthy and in narrative form, in violation of Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 10, which instructs parties to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed R. Civ. P. 8(a)(2); Fed. R. Civ. P. 10(b). In addition, the amended complaint is not signed by the plaintiff, as required by Rule 11 of the Federal Rules of Civil Procedure. I note further the existence of confusion over the defendants named in plaintiff's amended complaint. Although it is clear that the amended complaint again names Hoffmann, Seo, and Papoian as defendants, it is less clear whether the

amended pleading also names *International Journal of Quantum Chemistry*, arXiv, and National Science Foundation as defendants. *See generally* Dkt. No. 6.

Most significantly, however, is the fact that the amended complaint again fails to state a plausible cause of action. To the extent that plaintiff's amended complaint attempts to assert a copyright infringement claim, it fails to state a claim for the same reasons as those identified in my report concerning plaintiff's original complaint. Dkt. No. 5 at 7-8. Specifically, plaintiff's amended complaint fails to plausibly allege that he owns a copyright that was infringed by defendants. *See Kwan v. Schlein*, 634 F.3d 224, 229 (2d Cir. 2011) (finding that, to state a plausible copyright claim, a complaint must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.").

Plaintiff's amended complaint appears to insist that defendants committed fraud. *See generally* Dkt. No. 6. To state a claim for fraud under federal common law, a complaint must allege that "the defendant made a material false representation, that the defendant knew of the falsity (scienter), that the defendant acted with intent to defraud, that the plaintiff reasonably relied on the false representation, and damages." *Marcus v. AT&T Corp.*, 138 F.3d 46, 63 (2d Cir. 1998). Nowhere in plaintiff's

4

amended pleading is it alleged that defendants misrepresented or omitted material facts for the purpose of inducing plaintiff to rely on those facts. At best, the amended complaint alleges that defendants represented to *International Journal of Quantum Chemistry* that the contents of an article published in that journal was their own work product when, in fact, it was plaintiff's. Dkt. No. 6 at 3. Plaintiff, however, lacks standing to assert a claim of fraud on behalf of that publication, a defendant in the action. In addition, the amended complaint does not allege any facts plausibly suggesting that plaintiff relied on a misrepresented fact proffered by defendants. Accordingly, plaintiff's amended pleading fails to state a plausible fraud cause of action.

II.   SUMMARY AND RECOMMENDATION

Although plaintiff has availed himself of the opportunity to file an amended complaint, the amended pleading fails to cure the deficiencies identified with his original complaint and does not include a cognizable cause of action. Accordingly, it is respectfully

RECOMMENDED that plaintiff's amended complaint (Dkt. No. 6) be DISMISSED with prejudice.[1]

---

[1] Plaintiff has already once been permitted to amend his complaint in an effort to state a cognizable cause of action. Both the original and amended complaint, however, violate Rules 8 and 10 of the Federal Rules of Civil Procedure, and fail to allege

5

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[2] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation on plaintiff in accordance with the court's local rules.

*[signature]*
David E. Peebles
U.S. Magistrate Judge

Dated:     August 14, 2018
           Syracuse, New York

---

sufficient facts from which the court or any defendant could liberally construe a cognizable claim. For those reasons, I decline to recommend that plaintiff be permitted any further opportunity to amend his complaint.

[2]     If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).