UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LIQIANG WEI,

                              Plaintiff,

    -against-                                      3:18-CV-0647 (LEK/DEP)

ROALD HOFFMAN, *et al.*,

                              Defendants.

## ORDER

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on August 14, 2018 by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 8 ("Report-Recommendation").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review the challenged aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a

Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

## III. DISCUSSION

Plaintiff has filed a timely objection to the Report-Recommendation. Dkt. No. 9 ("Objection"). However, Plaintiff's Objection is conclusory, alleging that Magistrate Peebles has "disabilities," has been hostile toward Plaintiff, "has not had [a] good attitude," has "reviewed [Plaintiff's] case carelessly," and should have sought "a ready technological examination." Id. at 1. Plaintiff offers no evidence of the Magistrate's disabilities and carelessness aside from the Magistrate's recommendation that the Court rule against Plaintiff and construe Plaintiff's claims liberally to include a (non-cognizable) copyright infringement claim. Id. Further, Plaintiff does not explain what "technological examination" would aid his case. As Plaintiff's Objection is general and conclusory, the Court reviews the Report-Recommendation only for clear error. Barnes, 2013 WL 1121353, at *1.

The Court has reviewed the Report-Recommendation for clear error and, finding none, agrees that Plaintiff's amended complaint, Dkt. No. 6 ("Amended Complaint"), should be dismissed. As Plaintiff has already been permitted to amend his complaint once and failed to state sufficient facts from which the Court could liberally construe a cognizable claim, the Court dismisses the case with prejudice, as the Magistrate recommends.

2

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 8) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 6) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    September 06, 2018
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge